Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com & jerry@steeringlaw.com
Attorney for plaintiff Keith Catalano

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CATALANO,<br><br>   Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, and DOES 1 through 10, INCLUSIVE,<br><br>   Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983) CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4); CLAIM FOR USE OF UNREASONABLE FORCE UPON PERSON (U.S. CONST. AMEND 4); *MONELL* CLAIM FOR FAILURE TO TRAIN<br><br>**JURY TRIAL DEMANDED** |

**COME NOW** plaintiff KEITH CATALANO, and shows this honorable court the following:

### JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County

COMPLAINT FOR DAMAGES
1

of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Keith Catalano, hereinafter referred to as "CATALANO" and/or "plaintiff" and/or "Keith Catalano" is a natural person, who, at all times complained of in this action, resided in the State of California.

4. Defendant County of San Bernardino, hereinafter also referred to as "County of San Bernardino" or "COUNTY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

5. Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or dispatchers and/or some other public officer, public official or employee of defendant County of San Bernardino and/or with some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

6. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant County of San Bernardino and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of San Bernardino.

7. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, such as the Sheriff, the Undersheriff, Assistant Sheriffs and other supervisory personnel, employed by the County of San Bernardino, and/or by some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of San Bernardino and/or with some other public entity, for:

1) for wrongfully detaining and arresting persons for whom there is no reasonable suspicion of criminality afoot, and who were merely believed to be witnesses to incidents such as incidents such as:

    a) San Bernardino County Sheriff's Department Deputy Sheriff Officer Involved Shootings;

    b) Officer Involved Shootings by some other law enforcement agency, and

    c) Other serious uses of force upon civilians by San Bernardino County Sheriff's Department Deputy Sheriffs / Officers.

2) for wrongfully detaining and arresting persons for whom there is no

COMPLAINT FOR DAMAGES
3

reasonable suspicion of criminality afoot[1], and who are believed to be witnesses to those events described in paragraph 7, items 1(a),(b) and (c), and whom the San Bernardino County Sheriff's Department is desirous of obtained an immediate statement, usually a coerced one, to protect the County of San Bernardino and its deputy sheriffs and supervisors from civil liability, from internal discipline, from criminal prosecution and from obloquy.

8. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

9. At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Police Officers and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, such as the Sheriff, the Undersheriff, Assistant Sheriffs and other supervisory personnel, employed by the County of San Bernardino and/or with some other public entity, and/or some other public official(s) with the County of San Bernardino and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant County of San Bernardino.

10. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

---

[1] Including detaining persons for an excessive amount of time, in an unnecessarily pain, restrictive and painful manner, and in an unnecessarily humiliating and degrading manner.

COMPLAINT FOR DAMAGES

4

officers, with defendant County of San Bernardino, who in some substantial way, created and/or maintained and/or otherwise caused the County's deputy sheriffs to unlawfully detain and arrest innocent civilians:

1) for wrongfully detaining and arresting persons for whom there is no reasonable suspicion of criminality afoot, and who were merely believed to be witnesses to incidents such as incidents such as:

  d) San Bernardino County Sheriff's Department Deputy Sheriff Officer Involved Shootings;

  e) Officer Involved Shootings by some other law enforcement agency, and

  f) Other serious uses of force upon civilians by San Bernardino County Sheriff's Department Deputy Sheriffs / Officers.

2) for wrongfully detaining and arresting persons for whom there is no reasonable suspicion of criminality afoot[2], and who are believed to be witnesses to those events described in paragraph 7, items 1(a),(b) and (c), and whom the San Bernardino County Sheriff's Department is desirous of obtained an immediate statement, usually a coerced one, to protect the County of San Bernardino and its deputy sheriffs and supervisors from civil liability, from internal discipline, from criminal prosecution and from obloquy.

11. In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff Keith Catalano of her federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff Keith Catalano of those rights as

---

[2] Including detaining persons for an excessive amount of time, in an unnecessarily pain, restrictive and painful manner, and in an unnecessarily humiliating and degrading manner.

COMPLAINT FOR DAMAGES

5

complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

12. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff Amy Barnett's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON UNDER**
**FOURTH AMENDMENT**
**[42 U.S.C. § 1983]**
**(By Plaintiff KEITH CATALANO Against Defendants DOES 1 through 6, inclusive)**

13. Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 12, inclusive, above, as if set forth in full herein.

14. On December 24, 2020, at approximately 1:07 a.m., plaintiff Keith Catalano (hereinafter referred to as "plaintiff", or "CATALANO" or plaintiff "CATALANO"), was on his front porch of his home, and heard approximately ten gunshots, from approximately 300 feet from his home. Said gunshots were heard by plaintiff near Pebble Beach Drive, west of Riviera Drive, in the City of Victorville, California.

15. Plaintiff CATALANO then called 9-1-1 to report the gunshots, and saw three individuals duck for cover across the street from his home. Plaintiff asked one of the men he saw ducking for cover, if he had seen anyone shot, to which the unidentified man said "Yes; someone was shot."

16. Plaintiff CATALANO also saw two black or dark-colored cars leaving the scene of the shooting, and described those cars to the 9-1-1 operator.

17. Plaintiff CATALANO then approached the gunshot victim, later identified as Richard Ambriz, lying face down in the street.

18. Plaintiff CATALANO then grabbed Mr. Ambriz's wrist and felt a faint pulse, and relayed this information to the 9-1-1 operator. Plaintiff requested

paramedics be sent to the location of the subject incident; however, throughout the course of the subject incident, plaintiff never saw paramedics dispatched.

19. As plaintiff CATALANO was waiting for police and/or paramedics to arrive, the 9-1-1 operator wanted to terminate the phone call. Plaintiff told the 9-1-1 operator that he did not want to terminate the phone call so that there would be recorded evidence that he was the reporting party, and not the suspected shooter.

20. Several minutes later, deputy sheriffs from the San Bernardino County Sheriff's Department, DOES 1 through 6, inclusive, arrived with guns drawn upon plaintiff CATALANO.

21. Plaintiff CATALANO held his hands up in the air while holding his cell phone, and said deputy sheriffs, DOES 1 through 6, inclusive, ordered plaintiff to drop his cell phone. Plaintiff placed his cell phone on the ground.

22. Plaintiff CATALANO told said deputy sheriffs, DOES 1 through 6, inclusive, that he was the reporting party.

23 One of the deputies, DOE 1 and/or DOE 2, then frisked plaintiff CATALANO for weapons, and immediately handcuffed him.

24. Plaintiff CATALANO was then placed into the back of a patrol car by deputy sheriff DOE 3 and/or DOE 4. The handcuffs that had been placed upon CATALANO by DOE 3 and/or DOE 4 were cinched down so tightly, that plaintiff began to lose feeling in his left hand, and requested deputy DOE 3 and/or DOE 4 loosen the handcuffs.

25. Rather than loosen the handcuffs on CATALANO, deputies DOE 3 and/or DOE 4 then left CATALANO's presence, and returned approximately 20 minutes later, and loosened the handcuffs. When they did so, they told plaintiff that he would be released in 20 minutes—something that was not true.

26. Thereafter, plaintiff CATALANO sat in the back seat of a Sheriff's Department patrol car in handcuffs, until approximately 11 a.m., when he was

released; after nearly ten hours of handcuffed confinement in the patrol car.

27. There was no legal, moral, professional or other justification for the defendant deputies to have detained or arrested CATALANO at all, or even to have kept plaintiff handcuffed in the back of a patrol car for nearly ten hours; said handcuffs having caused plaintiff excruciating pain to his wrists and hands.

28. None of the deputy sheriffs / officers involved in detention / arrest of the plaintiff, DOES 1 through 4, inclusive, and none of those San Bernardino County deputy sheriffs and Supervisory personnel present on the scene, and who directed, ordered and approved the actions complained of in this action, including DOES 5 through 7, inclusive, had either any reasonable suspicion of criminality afoot by the plaintiff, or probable cause to believe that he committed a crime, or a warrant for the search and seizure of the plaintiff.

29. The actions of defendants DOES 1 through 7, inclusive, as complained above herein, constituted a violation of plaintiff CATALANO's rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable seizure of his person.

30. As a direct and proximate result of the actions of defendants DOES 1 through 10, inclusive, plaintiff CATALANO was: 1) substantially physically, mentally and emotionally injured, 2) incurred general damages and expenses associated costs, 3) incurred other special damages; all in an amount to be proven at trial which is in excess of $3,000.000.00.

31. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff CATALANO's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## SECOND CAUSE OF ACTION
## USE OF UNREASONABLE FORCE ON PERSON
## UNDER FOURTH AMENDMENT

COMPLAINT FOR DAMAGES

8

**[42 U.S.C. § 1983]**
**(By Plaintiff KEITH CATALANO Against Defendants DOES 1 through 10, inclusive)**

32. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 31, inclusive, above, as if set forth in full herein.

33. As shown above, defendants DOE 1 and/or DOE 2 forcefully cinched down the handcuffs upon plaintiff CATALANO's wrists with great and excessive force, causing him injuries. More specifically, after approximately 20 minutes in handcuffs, plaintiff began to lose feeling in his left hand.

34. While CATALANO suffered excruciating pain to his wrists and hands from being handcuffed and locked up in the back of a patrol car for nearly ten hours, CATALANO repeatedly complained to DOES 1 through 4, inclusive, about the handcuffs being too tight, and later on complained to DOES 5 through 7, inclusive, about the handcuffs causing him to suffer great pain and suffering, but DOES 1 through 7, inclusive, knowingly and deliberately ignored CATALANO's pleas of severe pain to his wrists from the handcuffs being too tight, and left him sitting in the patrol car for 10 hours, in great pain from the handcuffs, and great pain from being handcuffed and confined on the back seat of the Sheriff's Department patrol car.

35. Furthermore, as shown above, said use of excessive force by defendants DOES 1 through 7, inclusive, was not justified, and caused physical injuries to plaintiff's wrists and hands.

36. The actions of defendants DOES 1 through 7, inclusive, as complained above herein, constituted a violation of plaintiff CATALANO's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

37. As a direct and proximate result of the actions of defendants DOES 1 through 10, inclusive, plaintiff CATALANO was: 1) substantially physically,

mentally and emotionally injured, 2) incurred general damages and expenses associated costs, and 3) incurred special damages; all in an amount to be proven at trial which is in excess of $3,000.000.00.

38. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff CATALANO's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

### THIRD CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On Unlawful Policy, Custom and Practice
### (By Plaintiff CATALANO Against Defendants COUNTY and DOES 7 through 10, inclusive)

39. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 inclusive, above, as if set forth in full herein.

40. As shown above, when defendants DOES 1 through 10, inclusive, deprived plaintiff CATALANO of his particular rights under the United States Constitution, they were acting under the color of state law.

41. The training policies of defendants COUNTY and DOES 7 through 10, inclusive, were not adequate to train their deputy sheriffs and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers.

42. In particular, the San Bernardino County Sheriff's Department had a longstanding policy, custom and practice of:

    a) wrongfully detaining and arresting persons for whom there is no reasonable suspicion of criminality afoot, and who were merely believed to be witnesses to incidents, to interrogate them in a coercive environment, for incidents such as:

    b) San Bernardino County Sheriff's Department Deputy Sheriff Officer Involved Shootings;

    c) Officer Involved Shootings by some other law enforcement agency, and

    d) Other serious uses of force upon civilians by San Bernardino County Sheriff's Department Deputy Sheriffs / Officers.

43. This policy and longstanding custom and practice of the San Bernardino County Sheriff's Department was created, maintained and enforced by the COUNTY, and by DOES 6 through 10, inclusive, to protect the County of San Bernardino and its deputy sheriffs and supervisors from civil liability, from internal discipline, from criminal prosecution and from obloquy.

44. Defendants COUNTY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their deputy sheriffs and other personnel, as the types of events described above in paragraph 42, were and have been, and will continue to be events that are frequently encountered by San Bernardino County Sheriff's Department Deputy Sheriffs in the regular course of their duties.

45. This policy and longstanding custom and practice of the San Bernardino County Sheriff's Department was so closely related to the deprivation of plaintiff's rights, as described above in plaintiff First and Second Causes of Actions, as to be the moving force that caused the ultimate injury, or otherwise stated, the proximate cause of plaintiff's injuries and damages.

46. As a direct and proximate result of the actions of defendants DOES 1 through 10, inclusive, plaintiff CATALANO was: 1) substantially physically, mentally and emotionally injured, 2) incurred special damages, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

47. The actions of said defendants, and each of them, as complained of

herein, were committed maliciously, oppressively and in reckless disregard of plaintiff CATALANO's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants, save COUNTY, for punitive damages in an amount in excess of $3,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING, ATTORNEY FOR
PLAINTIFF KEITH CATALANO

## DEMAND FOR JURY TRIAL

**COMES NOW** plaintiff Keith Catalano, and demands a trial by jury in this instant action.

Dated: December 23, 2021

_____
JERRY L. STEERING, ATTORNEY FOR
PLAINTIFF KEITH CATALANO